## M. Slepski et al., Appellees, v. German Fire Insurance Company of Peoria, Appellant.

### Gen. No. 14,079.

INSURANCE—*when appraisement not essential to recover upon fire policy.* *Held*, that under the evidence and pleadings, the recovery had in this case upon the fire policy in suit was justified, notwithstanding no appraisement of loss was made as required by said policy.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. MCSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** This action in *assumpsit* was brought by appellees against appellant on a policy of insurance to recover a loss sustained by fire. The declaration consists of a special count setting out the policy of insurance issued by appellant to appellees in *hæc verba,* the loss sustained by appellees and the refusal of appellant to pay the loss, and contains also the common counts.

Appellant pleaded the general issue, and afterwards, by leave of court, filed a special plea averring that the ascertainment of the loss was submitted to appraisers and that no award had been made, and the said appraisal was then undetermined.

Appellees replied to this plea that without fault of

appellees or their appraiser, the appraiser selected by appellant neglected and refused to act or co-operate with the appraiser selected by appellees in the selection of a competent and disinterested umpire, as provided by the policy, by reason of which no appraisement was ever made of said loss.

Appellant rejoined that the appraiser selected by it did not neglect or refuse to act or co-operate with the appraiser selected by appellees in the selection of a competent and disinterested umpire and concluded to the country, and a similiter to the rejoinder was filed by appellees.

The policy of insurance sued on contained the following provision:

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.".

The evidence tends to show that on December 20, 1904, the property insured was partially destroyed by fire, and appellees so notified appellant. Adjusters representing both parties visited the store of appellees and endeavored to make an estimate of the loss, but were unable to agree. February 2, 1905, the parties entered into an appraisal agreement pursuant to the provisions of the policy, in which appellant appointed L. H. Solomon, and appellees appointed H. Madday, as appraisers. These appraisers had several meetings and some correspondence as to the selection of an umpire, but failed to agree. This suit was brought November 9, 1905. On the trial the jury returned a verdict for $2,336.40 in favor of appellees;

and after denying a motion for a new trial, the court rendered judgment on the verdict.

ALBERT H. MEADS, for appellant.

FRED D. JACKSON and GEORGE N. B. LOWES, for appellees; FRANCIS M. LOWES, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant contends that the first instruction given by the court at the request of appellees is erroneous, first, in stating as a matter of law that it was the duty of the appraiser selected by appellant to endeavor honestly and fairly to agree with the appraiser selected by appellees in the selection of a competent and disinterested umpire to act in the appraisal of the loss, and it assumes that he was the agent of appellant; second, in that it calls attention exclusively to the duty of the appraiser selected by appellant and instructs as to his duty to act honestly and fairly to the exclusion of the action of the appraiser selected by appellees.

The instruction is as follows:

"First. The jury are instructed, as a matter of law, that it was the duty of the appraiser selected by the insurance company to endeavor honestly and fairly to agree with the appraiser selected by the plaintiffs in the selection of a competent and disinterested umpire to act in the appraisal of the loss in this case.

"And if you believe from the evidence in this case that the appraiser selected by the company did not endeavor honestly and fairly to agree with the appraiser selected by the plaintiff in the selection of an umpire and by reason thereof no umpire was selected and no appraisal made of the loss, the fact that no appraisal of the loss was ever made is no defense to this action."

The additional special plea sets out the provisions of the policy for submitting the adjustment of the amount of the loss to appraisers, and that at the time

suit was instituted, no award had been made and no umpire selected.

The replication to the plea averred that without any default of appellees or the appraiser selected by them, the appraiser selected by appellant neglected and refused to act or co-operate with said appraiser selected by appellees in the selection of a competent and disinterested umpire, as provided in said policy of insurance, by reason of which no appraisement was ever made of said loss.

To this replication appellant rejoined that the appraiser selected by it did not neglect and refuse to act or co-operate with the other appraiser in the selection of an umpire and concluded to the country.

The precise issue thus made was as to the action of the appraiser selected by appellant with reference to agreeing upon a competent and disinterested umpire. No issue was taken on the allegation of the replication that the refusal to act was without fault of the appraiser selected by appellees. The instruction properly therefore stated the law on the issue of fact tendered in the pleadings to be passed upon by the jury.

We do not think the instruction assumed as a fact that the appraiser selected by appellant was its agent, or that it was misleading in directing the attention of the jury to the issue made by the pleadings.

We think the evidence warranted the jury in finding that the failure to secure an appraisement was not due to any fault of appellees, but it was due to the fault of the man selected as appraiser by appellant, and that he so conducted himself in the interest of appellant that he might be regarded as the agent of appellant, and appellant was responsible for his conduct. Niagara Fire Ins. Co. v. Bishop, 154 Ill. 9, 20. The court, we think, properly refused to instruct the jury as asked by appellant. There was no evidence before the jury upon which to base the refused instruction.

618 . APPELLATE COURTS OF ILLINOIS.

VOL. 141.] Lehigh Valley Trans. Co. v. City of Chicago.

In our opinion, the evidence in the record clearly supports the verdict and judgment, and the record is free from material error. The judgment is affirmed. The cost of the additional abstract of record must be taxed against appellant.

*Affirmed.*